UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MATTHEW OPHEIM, et al.,

    Plaintiffs,

    v.

VOLKSWAGEN AKTIENGESELLSCHAFT; VOLKSWAGEN GROUP OF AMERICA, INC.; AUDI AKTIENGESELLSCHAFT; and AUDI OF AMERICA, INC.,

    Defendants.

Civ. No. 20-02483 (KM) (ESK)

OPINION

**KEVIN MCNULTY, U.S.D.J.:**

    Plaintiffs in this putative class action purchased Volkswagen or Audi vehicles with an allegedly defective yet concealed engine part, *i.e.*, a timing chain. Plaintiffs sued Volkswagen Aktiengesellschaft ("VW AG"), Volkswagen Group of America, Inc. ("VW America"), Audi Aktiengesellschaft ("Audi AG"), and Audi of America, Inc. ("Audi America"). Plaintiffs, who hail from fourteen states, assert contract, tort, and statutory claims under their respective states' laws, as well as federal claims under the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 *et seq.* Now, VW AG moves to dismiss most of the claims against it, asserting that plaintiffs lack standing and also that plaintiffs have failed to state a claim under the Consumers Legal Remedies Act ("CLRA") and Unfair Competition Law ("UCL"). (DE 97.)[1]

---

[1]     Certain citations to the record are abbreviated as follows:

    DE = docket entry

    Am. Compl. = Amended Complaint (DE 29)

    Mot. = VW AG's Brief in Support of its Motion to Dismiss (DE 97)

    Opp. = Plaintiffs' Opposition to VW AG's Motion to Dismiss (DE 104)

    Reply = VW AG's reply in support of its Motion to Dismiss (DE 111)

For the following reasons, VW AG's motion (DE 97) is **DENIED** with regard to standing and the CLRA and UCL claims, and **GRANTED** insofar as it seeks the dismissal of the claims that plaintiffs have agreed to dismiss.

## I. BACKGROUND

This case is about an allegedly defective engine part, a timing chain, in certain Audi and Volkswagen models. (Am. Compl. ¶ 1–2.) I write primarily for the parties and assume a familiarity with the underlying facts.[2] Central to this motion to dismiss is VW AG's assertion that it did not design, manufacture, distribute, market, or sell Audi vehicles. (Mot. at 2, 5.) Audi AG, who undisputedly did design, manufacture, and market Audi vehicles, is a subsidiary of VW AG. (Am. Compl. ¶ 45.) Plaintiff Lisa LaPrade, a resident of Pennsylvania, is the only named plaintiff who purchased a Volkswagen rather than an Audi vehicle. (*Id.* ¶ 37.)

Since my last opinion in this case (DE 90), plaintiffs have agreed to dismiss a number of claims against Audi AG (DE 124). In their opposition brief, plaintiffs agree to dismiss those same claims against VW AG.[3] (Opp. at 2 n.3.) In addition, VW AG moves to dismiss most of the remaining claims against itself because the named plaintiffs who purchased Audis lack standing to bring claims against VW AG. (DE 97.) It does not move to dismiss LaPrade's claims, Counts 85, 86, 88, and 90, on these grounds because LaPrade did purchase a VW. (Mot. at 1.) VW AG also argues that plaintiff Michelle Vargas, an Audi purchaser, fails to state a claim against VW AG under California's CLRA and UCL statutes. (*Id.* at 5.)

VW AG has filed its motion to dismiss (DE 97), Plaintiffs have filed an opposition to that motion (DE 104), and VW AG has filed a reply (DE 111). This motion is fully briefed and ripe for decision.

---

[2]   The facts are discussed in greater depth in my opinion on an earlier motion to dismiss. (DE 90.)

[3]   Those claims are Counts 3, 6, 8, 13, 15, 20, 22, 28, 30, 35, 37, 42, 43, 47, 49, 54, 56, 60, 62, 67, 69, 74, 76, 81, 83, 87, 89, 94, and 96. (Opp. at 2 n.3.)

## II. STANDARDS OF REVIEW

### A. Standing

Under Rule 12(b)(1), a defendant may move to dismiss on the grounds that the court lacks subject matter jurisdiction over the dispute. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion is the vehicle for a motion to dismiss for lack of standing. *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). A Rule 12(b)(1) attack can be facial where the defendant "attacks the complaint on its face without contesting its alleged facts." *See Hartig Drug Co. v. Senju Pharms. Co.*, 836 F.3d 261, 268 (3d Cir. 2016). In such a case, the court considers only the allegations of the complaint and documents referred to therein, construed in the light most favorable to the plaintiff. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).[4]

### B. Failure to State a Claim

Federal Rule of Civil Procedure 8(a) does not require that a pleading contain detailed factual allegations but "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must raise a claimant's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570. That standard is met when "factual content [] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 12(b)(6) provides for the dismissal of a complaint if it fails to state a claim. The defendant bears the burden to show that no claim has been stated. *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016). I accept facts in the complaint as true and draw reasonable inferences in the plaintiffs' favor. *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (en banc).

---

[4]  In its Reply, VW AG asserts that it is making both a factual and a facial attack on plaintiffs' standing. (Reply at 5–7) The motion is primarily a facial attack, arguing that the amended complaint does not allege facts demonstrating standing.

### III. DISCUSSION

#### A. Standing

To properly allege standing, a plaintiff must allege that he or she "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Id.* Here, VW AG does not contest the first and third elements, but argues only that the injuries in fact of plaintiffs who purchased Audis are not "fairly traceable" to VW AG. (Reply at 2.)

I find that plaintiffs have plausibly alleged that their injuries were fairly traceable to VW AG. The actual relationship between VW AG and Audi AG is, at this point, somewhat murky, but plaintiffs have properly alleged that VW AG was involved in marketing the cars at issue and that it knew about the timing chain issues and worked to remedy them in newer models, but did not disclose them to consumers. (Am. Compl. ¶ 79, 171.) The most significant factual allegation is that VW AG produced repair materials for the entire corporate family (including Audi AG) that acknowledged the issue. (Am. Compl., Ex A at 9). This service training manual, which is copyrighted by VW AG, shows that VW AG was aware of the problem with the timing chain and developed a method to determine if it had become elongated. (*Id.*) VW AG communicated this information to dealers, but did not inform consumers about the problem. (*Id.* ¶104.) Similarly, the chain tensioner was redesigned in 2012, a change that affected both VW and Audi cars but did not fix the underlying issue, and it is plausibly alleged that VW AG was involved in that decision. (Am. Compl. ¶ 68.) The surviving fraud claims in this case are based on omissions and it is plausibly alleged that VW AG was involved in the decision not to disclose information to consumers about the timing chain. At this stage, these claims are sufficient to demonstrate that plaintiffs who purchased Audi vehicles have standing to sue VW AG.

VW AG, for its part, attaches a declaration of Axel Büchner, a technical engineer for product analysis, which states "VWAG did not design, manufacture, distribute or sell the Plaintiffs' Audi Vehicles, or the 'EA888' engines contained in the Plaintiffs' Audi Vehicles." (DE 97-2 at 4.) Plaintiffs argue that it is not appropriate for me to consider the declaration at this stage. (Opp. at 10) Regardless, this short statement is not sufficient to undermine standing. Even if the statement is true, for example, it is possible that VW AG was involved in marketing the cars, or that it was involved in decision making about whether to disclose the engine defect, which also affected VW vehicles, to consumers. As noted above, plaintiffs have alleged that VW AG was involved in the non-disclosure of the defect that is at the heart of this case and there is no doubt that, as the parent company, VW AG has a relationship with Audi AG.[5]

It is possible that in discovery, facts will emerge that demonstrate that VW AG should not be held liable for the alleged defects in Audi vehicles, but at this stage the plaintiffs have plausibly alleged that VW AG was involved and thus I will not dismiss the claims against it at this stage. *Compare In re Duramax Diesel Litig.*, 298 F. Supp. 3d 1037, 1054 (E.D. Mich. 2018) ("Plaintiffs' allegation that Bosch was intimately involved in the creation of the component which caused the overpayment suffices to establish Article III standing" where Bosch was involved in marketing "clean diesel" in the United States); *In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Pracs., & Prod. Liab. Litig.*, 295 F. Supp. 3d 927, 952 (N.D. Cal. 2018) ("to the extent the Bosch Defendants knowingly concealed the software installed in the Class Vehicles from regulators and consumers, Plaintiffs' economic injuries are also fairly

---

[5]     Given the complex structure of this class action, with numerous sub-classes, the relevance of class standing is ambiguous. VW AG does not ask to be dismissed from the case entirely, because it admits that one named plaintiff does have standing to bring claims against it. At a later time, however, it will be necessary to determine whether purchasers of Audi vehicles are appropriate representatives of subclasses that include purchasers of VW vehicles. That determination, however, primarily involves the requirements of Rule 23, rather than standing. *See In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*, 148 F.3d 283, 307 (3d Cir. 1998).

traceable to that conduct."); *and In re Takata Airbag Prod. Liab. Litig.,* 396 F. Supp. 3d 1101, 1130 (S.D. Fla. 2019) (finding that plaintiffs had properly alleged that their injuries were fairly traceable to Mercedes and Volkswagen because they were aware of the issues with Takata airbags and concealed that information from consumers, even though Takata had provided them with fraudulent information), *with In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs., & Prod. Liab. Litig.*, 826 F. Supp. 2d 1180, 1192 (C.D. Cal. 2011) (dismissing claims against Toyota Motor Sales, USA ["TMS"] on standing grounds because foreign plaintiffs did not allege specific facts showing that they saw advertisements created for the American market and thus did not allege that their injury was fairly traceable to TMS).

VW AG's motion, to the extent it seeks to dismiss the claims of Audi-purchaser-plaintiffs on standing grounds, is therefore denied.

### B. California Law Claims

Plaintiffs bring two counts under California's CLRA and UCL statutes. (Am. Compl. ¶ 206-242.) VW AG argues that those claims must be dismissed because the plaintiff, who purchased an Audi in California, fails to allege a "transaction" between herself and VW AG, as required by those statutes. (Mot. at 5.)

The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or that results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(a).[6] Because the purpose of the statute is to protect consumers, California courts have interpreted it broadly. A CLRA claim, for example, may be established even if there is not a contractual relationship between the parties. *McAdams v. Monier, Inc.*, 182 Cal. App. 4th 174, 186 (Cal. App. 1st. Dist. 2010). In fraudulent omission cases, such as this one, a plaintiff can state a cause of action where there was an omission of a fact that the defendant was obligated to disclose. *Ehrlich v. BMW of N. Am., LLC*, 801 F.

---

[6] The UCL claims are derivative of the CLRA claims, so they stand or fall together.

Supp. 2d 908, 916 (C.D. Cal. 2010). California courts have found that in the case of a safety issue, manufacturers have a duty to disclose even outside of the express warranty period, *id.* at 918 (citing *Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1094 (N.D. Cal. 2007), and even if there is not a direct transaction between the parties, *Reniger v. Hyundai Motor Am.*, 122 F. Supp. 3d 888, 898 (N.D. Cal. 2015). Even with the more relaxed standard in safety-related cases, however, plaintiffs must still allege that there is some connection between the defendant and the entity that the plaintiff transacted with. *Id.*

As with the standing issue, VW AG argues that because it does not manufacture Audi cars, it cannot be held liable. (Mot. at 6.) There is no such bright-line rule of California law that would permit dismissal at the pleading stage. Plaintiffs have plausibly alleged that the timing chain failure was a safety issue (Opp. at 18) and have plausibly alleged that VW AG was involved both in the marketing of the vehicles (Am. Compl. ¶ 215) and in the decision not to disclose the defect to consumers. (*Id.* ¶ 89-105; *id.* Ex. A at 9). Such plausible allegations implicating VW AG are sufficient to state a claim under California law, and several courts have refused to dismiss similar claims against foreign manufacturers. *See Reniger*, 122 F. Supp. 3d at 899; *Gray v. BMW of N. Am., LLC*, 2014 WL 4723161, at *4 (D.N.J. Sept. 23, 2014); *Ho v. Toyota Motor Corp.*, 931 F. Supp. 2d 987, 996 (N.D. Cal. 2013).

I thus decline to dismiss plaintiffs' CLRA and UCL claims against VW AG.

## IV. CONCLUSION

For the reasons set forth above, VW AG's motion to dismiss for lack of standing and for failure to state a claim under the CLRA and UCL is **DENIED**. As plaintiffs have agreed to withdraw Counts 3, 6, 8, 13, 15, 20, 22, 28, 30, 35, 37, 42, 43, 47, 49, 54, 56, 60, 62, 67, 69, 74, 76, 81, 83, 87, 89, 94, and 96 against VW AG, the motion to dismiss those counts is **GRANTED,** and they will be dismissed with prejudice.

A separate order will issue.

Dated: November 15, 2021

/s/ Kevin McNulty

_____

**Hon. Kevin McNulty
United States District Judge**