## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## NEWARK DIVISION

MATTHEW OPHEIM *et al.*,

            Plaintiffs,

    v.

VOLKSWAGEN
AKTIENGESELLSCHAFT *et al.*,

           Defendants.

Case No.: 2:20-cv-02483-SDA

**ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

WHEREAS, this Court, having reviewed and carefully considered all of the filed submissions relating to the proposed Class Settlement of this Action ("Settlement" or "Class Settlement") including the Plaintiffs' Unopposed Motion for Final Approval of the Class Action Settlement (ECF No. 180) and exhibits thereto (the "Motion"), the Parties' Class Settlement Agreement dated October 13, 2023 with exhibits (ECF No. 164-2) ("Settlement Agreement"), the supporting Declaration of counsel (ECF Nos. 180-2), the Declaration of Jazminee Shumway of the Claim Administrator Angeion Group (ECF No. 180-3), the two purported objections to the settlement (ECF Nos. 182-1 and 182-2), Defendant's Memorandum

1

of Law in Response to Objections and in Support of Final Approval (ECF 182), Plaintiffs' Supplemental Memorandum of Law in Response to Objections (ECF No. 181), and all other submissions and filings in this Action;

WHEREAS, this Court, having issued its Order Granting Preliminary Approval of Class Action Settlement (ECF No. 173) ("Preliminary Approval Order") which granted preliminary approval of the Class Settlement, provisionally certified, for settlement purposes only, the proposed Settlement Class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), preliminarily appointed the Settlement Class Representatives, Settlement Class Counsel, and the Settlement Claim Administrator, approved the form and content of the Class Notice and Claim Form, and approved and directed the dissemination of the Class Notices and Claim Forms pursuant to the Parties' Class Notice Plan set forth in the Settlement Agreement ("Notice Plan") as the best notice practicable under the circumstances and comporting in all respects with Fed. R. Civ. P. 23(e) and due process; the Letter Order dated January 29, 2024 approving the Amended Class Notice (ECF No. 176) and the Letter Order dated March 25, 2024 modifying the deadlines in the Preliminary Approval Order (ECF No. 178);

WHEREAS, the approved Notice Plan has been effectuated in a timely and proper manner; and

WHEREAS, this Court having held a Final Fairness Hearing on August 14, 2024 and having carefully considered all of the submissions, arguments and applicable law, and with due deliberation thereon,

NOW, this Court hereby finds, determines, and orders as follows:

1.    **Final Approval of the Class Settlement.** The Court hereby grants final approval of the Class Settlement and all of the terms and provisions of the Settlement Agreement. The Court finds that the Class Settlement is fair, reasonable, and adequate, and in all respects satisfies the requirements of Fed. R. Civ. P. 23 and the applicable law.

2.    **Certification of the Settlement Class.** The Court here certifies, for Settlement purposes only, the proposed Settlement Class set forth in the Settlement Agreement and in the Preliminary Approval Order (ECF No. 178). The Court finds that, for the purposes of Settlement, the applicable prerequisites for certification of the proposed Settlement Class under Fed. R. Civ. P 23(a) and 23(b)(3) are fully satisfied, to wit: the Settlement Class is so numerous that joinder of all members is not practicable; questions of law and fact are common to the Settlement Class; the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class; the Settlement Class Representatives and Settlement Class Counsel have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement Class; questions of law and fact

common to the members of the Settlement Class predominate over any questions affecting only individual members; and a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. In addition, because this Action is being settled rather than litigated to conclusion, the Court need not consider manageability issues that might be presented by a trial of this action. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

3.      **Notice of the Settlement to the Settlement Class.** The Court finds that Notice of the Class Settlement was timely and properly disseminated and effectuated pursuant to the approved Notice Plan, and that said Notice constitutes the best notice practicable under the circumstances and satisfies all requirements of Rule 23(e) and due process.

4.      **CAFA Notice.** The Court finds that in accordance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), the Settlement Claim Administrator properly and timely caused to be mailed a copy of the proposed Settlement and all other documents required by law to the Attorney General of the United States and the Attorneys General of each State where class members reside and of Puerto Rico. No Attorney General has filed any objection to, or voiced any concern over, the Class Settlement or any of its terms and provisions.

5.      **Defined Terms of the Settlement Agreement**. Unless otherwise defined herein, the terms used in this Order that are defined in the Settlement

Agreement shall have the same definition and meaning as set forth in the Settlement Agreement.

6.      **The Settlement is Fair, Reasonable, and Adequate**. The Court finds that the Class Settlement is fair, reasonable, and adequate, and in all respects satisfies Fed. R. Civ. P. 23.  The Settlement provides substantial benefits to, and is in the best interests of, the Settlement Class, and is particularly fair, reasonable, and adequate when considering the issues of this case including, but not limited to, the disputed nature of the claims, the potential defenses thereto, the risks of non-recovery or reduced recovery to the Settlement Class, the risks of inability to certify a class and/or to maintain any class certification through trial and potential appeal if this action is litigated rather than settled, the substantial burdens, time and expense of further litigation, and the delays of any potential recovery associated with the continued litigation of the Action.

7.      **The Class Settlement is the Result of Extensive Arm's-Length Negotiation of Highly Disputed Claims by Experienced Class Action Counsel, and is Not the Product of Collusion.** The Court further finds that the Class Settlement was entered into as a result of extensive arm's-length negotiations of highly disputed claims among experienced class action counsel on both sides. The Settlement is not the product of collusion, and was entered into with a sufficient understanding by counsel of the strengths and weaknesses of their respective claims

and defenses, and of the potential risks versus benefits of continued litigation, including but not limited to the ability to establish and/or extent of establishing liability, alleged damages, class certification, and maintenance of class certification through trial and appeal. In addition, the Court finds that the issues of Class Representative service awards and Class Counsel reasonable attorneys' fees and expenses were not even discussed by the Parties, let alone agreed to, until after agreement had already been reached on the material terms of this Class Settlement, and were, likewise, negotiated at arm's length and without any collusion.

8.    **No Admission of Wrongdoing.** This Class Settlement is a compromise of vigorously disputed allegations and claims. As set forth in the Settlement Agreement, the Court finds that the Settlement, and any documents and submissions relating thereto, do not and shall not constitute a finding of either fact or law regarding the merits of any allegation, claim, fact, issue of law, or defense that was or could have been asserted in this Action. The Court further finds that nothing in this Final Approval Order and Judgment, the Settlement Agreement, the underlying proceedings, or any documents, filings, submissions, or statements related thereto, is or shall be deemed, construed to be, or argued as, an admission of, or any evidence of, any allegation, claim, fact, or issue of law that was or could have been asserted in the Action or of any liability, wrongdoing or responsibility on the part of any Defendant or Released Party.

9.    **Appointment of Settlement Class Representatives and Settlement Class Counsel.** The Court hereby grants final approval and appointment of Plaintiffs Matthew Opheim, Greta Opela, Kia Holyfield, Kenneth Eldridge, Carl Popolo, Ken Barton, Matthew Kieran Byrne, William Hendra, Madelen Tejada, Melissa Gallo, Saara Massahood, Robert Mills, Ivan Cugel, Kathy Madore, Kelley Morgan and Michelle Vargas as Representatives of the Settlement Class ("Settlement Class Representatives"), and of the law firms of Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. and Kessler Topaz Meltzer & Check, LLP, collectively, as Class Counsel for the Settlement Class ("Settlement Class Counsel" or "Class Counsel"). The Court finds that said Settlement Class Representatives and Settlement Class Counsel have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement Class.

10.    **Appointment of Settlement Claims Administrator.** The Court further grants final appointment of Angeion Group as the Settlement Claims Administrator to effectuate its duties and responsibilities set forth in the Settlement Agreement.

11.    **Objections and Requests for Exclusion.** Settlement Class Members were duly afforded a reasonable and ample opportunity to object to or request exclusion from the Settlement, and were duly advised of the deadlines and procedures for doing so. Of the approximately 527,157 Settlement Class Members,

the Court has received only two (2) purported objections to the Settlement (ECF Nos. 182-1 and 182-2), neither of which the objectors had filed with this Court, as was required.[1] The Parties have received thirteen (13) requests for exclusion, of which twelve (12) are timely and valid and one (1) is invalid for failure to comply with the requirements for a valid request for exclusion mandated by the Preliminary Approval Order. The court finds that the very small number of objections and requests for exclusion demonstrates overwhelmingly that the Settlement Class favors the Settlement, and further supports that the Class Settlement is fair, reasonable and adequate, and warrants final approval by this Court.

This Court has carefully considered the objections of Yili Wang (ECF No. 182-1) and Brandon and Michelle Wotachek (ECF No. 182-2), and the Parties' submissions (ECF Nos. 181 and 182) and arguments relating thereto. The Court hereby finds and determines that both of these objections are invalid for failing to comply with the requirements for a valid objection as mandated by the Preliminary Approval Order and recited in the Class Notice, and that notwithstanding their invalidity, both objections are substantively without merit and do not, factually or legally, justify not approving this Class Settlement. These objections are hereby overruled.

---

[1] As set forth *infra*, the Court finds that while these purported objections are invalid, they lack substantive merit in any event.

**IT IS THEREFORE ORDERED AND ADJUDGED AS FOLLOWS**:

12.     The Court certifies, for the purpose of settlement, the following Settlement Class consisting of:

> All persons and entities who purchased or leased, in the United States or Puerto Rico, certain specific model year 2012 through 2015 Audi A4, A5 and Q5 vehicles that are designated individually by Vehicle Identification Number (VIN) in Exhibit 4 to the Settlement Agreement, which were imported and distributed by Volkswagen Group of America, Inc. for sale or lease in the United States and Puerto Rico (hereinafter "Settlement Class").
>
> Excluded from the Settlement Class are: (a) all Judges who have presided over the Action and their spouses; (b) all current employees, officers, directors, agents and representatives of Defendants, and their family members; (c) any affiliate, parent or subsidiary of Defendants and any entity in which Defendants have a controlling interest; (d) anyone acting as a used car dealer; (e) anyone who purchased a Settlement Class Vehicle for the purpose of commercial resale; (f) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company who acquired a Settlement Class Vehicle as a result of a total loss; (g) any insurer of a Settlement Class Vehicle; (i) issuers of extended vehicle warranties and service contracts; (i) any Settlement Class Member who, prior to the date of the Settlement Agreement, settled with and released Defendants or any Released Parties from any Released Claims; and (j) any Settlement Class Member who files a timely and proper Request for Exclusion from the Settlement Class.

13.     The Court hereby grants final approval of the Class Settlement as set forth in the Settlement Agreement and all of its terms and provisions. The Settlement is fair, reasonable, adequate, and in all respects satisfies the requirements of Fed. R.

Civ. P. 23. Specifically, the Court has analyzed each of the factors set forth in Fed.

R. Civ. P. 23(e)(2), *Girsh v. Jepson*, 521 F.2 153, 157 (3d Cir. 1975) and *In re*

*Prudential Ins. Co. Am. Sales Practice Litig.*, 148 F.3d 283, 323 (3d Cir. 1998), and

finds that they support, justify, and warrant, final approval of this Class Settlement.

14.    The objections of Yili Wang (ECF No. 182-1) and Brandon and

Michelle Wotachek (ECF No. 182-2) are hereby overruled.

15.    The Court excludes from the Settlement and Release, on the basis of

their timely and valid requests for exclusion, the twelve (12) Settlement Class

Members who are listed on Exhibit A annexed hereto. The request for exclusion of

Donegal Mutual Insurance Company is hereby denied.

16.    The Parties are directed to perform all obligations under the Settlement

Agreement in accordance with its terms and provisions.

17.    The Parties and all Settlement Class Members are hereby bound in all

respects by the terms and conditions of the Settlement Agreement, including but not

limited to the Released Claims against all Released Parties contained therein, and

the Plaintiffs and each and every Settlement Class Member shall be deemed to have,

and by operation of this Final Order and Judgment shall have, fully, completely and

forever released, acquitted and discharged all Released Parties from all Released

Claims as set forth in the Settlement Agreement, except for the twelve (12) persons

identified in Exhibit A who have timely and properly excluded themselves from the Settlement Class.

18.    The Action is hereby dismissed with prejudice and without costs.

19.    Neither this Settlement, its negotiations, any agreements, documents, submissions and Orders relating thereto, nor this Final Order and Judgment, shall in any way constitute, or be deemed to constitute, any admission by any Party as to, or as any evidence of, the merits of any allegation, claim or defense that was or could have been asserted in this Action; shall not constitute a finding of either fact or law as to the merits of any claim or defense that was, or could have been, asserted in the Action; shall not be deemed, construed to be, or argued as, an admission or evidence of any liability, wrongdoing or responsibility on the part of the Defendants or any Released Party; and shall not be offered or be admissible as evidence against any Defendant, Released Party, or the Plaintiffs, except to enforce the terms of the Settlement Agreement and/or this Final Order and Judgment.

20.    In the event that any provision of the Settlement or this Final Order and Judgment is asserted by Defendants or any Released Party as a defense (including, without limitation, as a basis for dismissal and/or a stay), in whole or in part, to any claim, suit, action or proceeding in any forum, judicial or otherwise, brought by a Settlement Class Member or any person acting or purporting to act on behalf of any Settlement Class Member(s), that claim, suit, action and/or proceeding shall

immediately be stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion.

21.    Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement and this Order and any obligations thereunder.

22.    Plaintiffs and each and every Settlement Class Member, and any person or entity acting or purporting to act on behalf of any said Settlement Class Member, is/are hereby permanently barred and enjoined from commencing, instituting, pursuing, maintaining, prosecuting, or continuing to pursue, maintain or prosecute, any Released Claim against Defendants and/or any of the Released Parties (including, without limitation, in any individual, class/putative class, representative or other action or proceeding, directly or indirectly, in any judicial, administrative, arbitral, or other forum). This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Order and Judgment, and this Court's authority to enforce and effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. However, this provision will not bar any communications with, or compliance with requests or inquiries from, any governmental authorities.

23.    Without affecting the finality of this Final Order and Judgment, this Court hereby retains exclusive jurisdiction, and all Settlement Class Members are

hereby deemed to have submitted to the exclusive jurisdiction of this Court, of, over, and with respect to, the consummation, implementation and enforcement of this Settlement and its terms, including the release of claims therein, and any suit, action, proceeding (judicial or otherwise) or dispute arising out of or relating to this Final Order and Judgment, the Settlement Agreement and its terms, or the applicability of the Settlement Agreement, which exclusive jurisdiction includes, without limitation, the Court's power pursuant to the All Writs Act, 28 U.S.C. § 1651, or any other applicable law, to enforce the above-described bar and injunction against the pursuit, commencement, maintenance, prosecution, and/or continuation of any Released Claim against any Defendant or Released Party.

**IT IS SO ORDERED AND ADJUDGED.**

Dated: **August 14, 2024**

Hon. Stacey D. Adams
United States Magistrate Judge

*For the reasons stated on the Record on August 14, 2024.*

# EXHIBIT A

| *Opheim, et al. v. Volkswagen Group of America, Inc., et al.* Valid Exclusions | |
|---|---|
| **Class Member** | **VIN (Last 4)** |
| Judy Tumlinson | 0119 |
| Romeo Pascasio Gutierrez | 0661 |
| Thomesha Johnson | 6028 |
| Srinivas Maganti | 9553 |
| Robert and Tamara Warren | 4908 |
| Brian and Kathy Meyer | 8982 |
| Tracy Chang | 3073 |
| Barbara Ann Juchnik | 5386 |
| Tatiana Alfenito | 8214 |
| Karen Drader | 2642 |
| Jonathan Townsley | 3931 |
|  | 9800 |
|  | 6911 |
| David Fiedler | 5698 |